IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HIGH SIERRA HIKERS ASSOCIATION,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

    Defendants.

No. C 09-04621 RS

**ORDER DENYING SIERRA PACKERS' MOTION TO INTERVENE**

## I. BACKGROUND

Following a determination that defendants violated the Wilderness Act by issuing commercial stock permits without conducting the requisite specialized finding, the parties were ordered to submit briefs on the issue of remedy. In an effort to protect their interests in the remedy dispute and in the overall litigation, a group of commercial packers, collectively referred to as the Sierra Packers, filed a motion to intervene. Defendants take no position on the motion, while plaintiff filed an opposition, insisting the motion is untimely and that the packers are neither entitled to intervention as of right nor to permissive intervention. For the following reasons, the motion to intervene is denied.

## III. DISCUSSION

The Sierra Packers move for leave to intervene as defendants in this action. They argue they

REMEDY ORDER

have the right to intervene pursuant to Federal Rule of Civil Procedure ("FRCP") 24(a)(2). In the alternative, they seek permissive intervention under FRCP 24(b)(2). Plaintiff opposes this motion, insisting the Packers are not entitled to intervene either as a matter of right or permissively because their motion is untimely, they fail to present a significantly protectable interest, and NPS sufficiently represents their interests in this matter.[1]

"Intervention is governed by Fed. R. Civ. P. 24 which permits two types of intervention: intervention as of right and permissive intervention." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). A non-party may intervene as a matter of right if it can establish that: (1) the application is timely; (2) the applicant has a "significantly protectable" interest in the litigation; (3) the movant is "so situated that the disposition of the action may, as practical matter, impair or impede the applicant's ability to protect its interest;" and (4) the parties currently before the court do not adequately represent this interest. *See League of United Latin Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) ("Courts in this circuit have recognized that the requirements of Rule 24(a)(2) may be broken down into four elements, each which much be demonstrated in order to provide a non-party with a right to intervene."). On the other hand, courts may authorize permissive intervention if the applicant can demonstrate that: (1) the application is timely; (2) there is an independent basis for jurisdiction; and (3) the applicant's claim or defense shares a question of law or fact with the main action. *Id.* at 1308 (quoting *Nw. Forest Res. Council*, 82 F.3d at 839).

For both intervention as of right and permissive intervention, timeliness is considered "the threshold requirement." *United States v. Washington*, 86 F.3d 1499, 1503, 1507 (9th Cir. 1996); *United States v. Oregon,* 913 F.2d 576, 588 (9th Cir.1990); *see League of United Latin Citizens*, 131 F.3d at 1308 (explaining that for permissive intervention, courts "analyze the timeliness element more strictly"). Consequently, if it is determined that the motion to intervene was untimely, courts need not consider the remaining elements under FRCP 24. *League of United Latin Citizens*, 131 F.3d at 1302. Courts assess three factors to decide whether an intervention motion is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air Cal.,* 799 F.2d 535, 537 (9th Cir.1986). The Ninth Circuit has clarified that "although the length of the delay is not

---

[1] Defendants filed a statement of non-opposition to the motion to intervene.

determinative any substantial lapse of time weighs heavily against intervention." *Washington,* 86 F.3d at 1503 (citing *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991)). Here, Sierra Packers seek to intervene at a very late stage in the proceedings. Not only have the parties engaged in extensive discovery and comprehensively briefed the merits of the case, but the Court has also issued its ruling on the parties' cross-motions for summary judgment and solicited briefs on the issue of remedy. Aware of the posture of the case, the Sierra Packers filed their motion to intervene only a month prior to the hearing on remedies, "at a time when the litigation [i]s, by all accounts, beginning to wind itself down." *League of United Latin Am. Citizens*, 131 F.3d at 1304 (refusing to permit intervention after twenty-seven months of litigation even though trial had not yet commenced because the district court had already ruled on summary judgment and the parties had been engaging in discovery for nine months); *see U.S. E.E.O.C. v. Cent. Cal. Found. for Health*, 1:10-CV-01492, 2011 WL 149831 (E.D. Cal. Jan. 18, 2011) (permitting intervention because applicant was filing within one week of the initial scheduling conference and prior to the deadline for seeking intervention). The fact that litigation has progressed far beyond the pleadings stages and that the court has delved significantly into the substantive issues of this case supports denying applicants' motion. *See id.* at 1303 ("[T]hat the district court has substantively-and substantially-engaged the issues in this case weighs heavily against allowing intervention."); *Henrikson v. Turbomeca, S.A.*, CIVS 06-1563 WBS DAD, 2007 WL 2215398 (E.D. Cal. July 30, 2007).

Furthermore, permitting applicants to intervene would substantially prejudice HSHA. Generally, intervenors once admitted, are allowed fully to litigate their claims. *League of United Latin Am. Citizens*, 131 F.3d at 1304. The Sierra Packers suggest that they intend to do just that; they attached a proposed Answer with their motion. As described above, however, the parties and the Court have already addressed the merits of the Wilderness Act and NEPA claims. All that remains is the issue of remedy. Forcing HSHA to re-litigate would likely require a postponement of the remedy hearing and a judicial reevaluation of the alleged statutory violations. This would not only harm plaintiff, but it would also preclude the imposition of necessary interim measures as NPS completes the WSP. Accordingly, this factor similarly weighs heavily against intervention.

Finally, the third factor, length and reason of delay, does not support the motion. The complaint was filed on September 30, 2009 and Sierra Packers waited almost two and half years to apply for intervention. In defense, they claim they did not receive any notice of the lawsuit until NPS's letter on March 12, 2012 informing all applicants that their permits would not be issued until the agency received judicial authorization. The Sierra Packers, however, present no support for the proposition that this letter was the first that they learned of the litigation; indeed many of the applicants are also members of the Backcountry Horsemen of California, an organization which has sent out litigation status reports since 2010. Furthermore, the standard is not when interveners *actually became aware* of the litigation, but rather when they *should have been aware* of the case and the fact that their interests were not being adequately protected. *See Officers for Justice*, 934 F.2d at 1095. The Sierra Packers have not provided sufficient evidence to explain the reasoning for the protracted delay and this factor, therefore, also supports denying intervention. Due to the finding that the application for intervention is untimely, the remaining factors of intervention as of right or of permissive intervention need not be addressed. *League of United Latin Am. Citizens*, 131 F.3d at 1307. The Sierra Packers' motion to intervene is denied.

## IV. CONCLUSION

The motion by Sierra Packers to intervene is denied. This holding does not preclude the packers from submitting a petition to file an *amicus curiae* brief.

IT IS SO ORDERED.

Dated: 5/29/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE